UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:22-CR-00120-1

UNITED STATES OF AMERICA,                                                    PLAINTIFF

VS.                                        **Electronically Filed**

DEONTA DEGROAT                                                               DEFENDANT

\*\*\*   \*\*\*   \*\*\*

**DEFENDANT'S SENTENCING MEMORANDUM**

Comes the Defendant, DEONTA DEGROAT, by counsel, and for his Sentencing Memorandum, states as follows:

As this Court is aware, it is required to apply the provisions of 18 U.S.C. § 3553(a) in order to impose a sentence that is sufficient, but not greater than necessary in order to accomplish the goals of sentencing.  Those goals are to achieve just punishment, reflect the seriousness of the offense, promote respect for the law, deter the Defendant and others from future crime, protect the public, and provide education and treatment, when needed, in the most effective manner.  In determining this sentence, the Court must consider the nature of the offense, the history and characteristics of the Defendant, the sentencing guidelines and policy statements, the need to avoid unwarranted disparities among similarly situated defendants, and the need to provide restitution (if applicable).  *See* 18 U.S.C. § 3553 (a) (1, 3-7).

The Presentence Investigation Report (PSR) calculates a Base Offense Level of 24 as a result of the Defendant's guilty plea for the violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1). ¶ 19. Two Specific Offense Characteristics were identified by the Probation Office (possession of a dangerous weapon, pursuant to USSG §2D1.1(b)(1); premises maintained for

1

manufacturing or distributing controlled substances, pursuant to USSG § 2D1.1(b)(12)). These Specific Offense Characteristics added 2 levels apiece. ¶ 20 & 21.

After adjusting the offense level for the Defendant's Acceptance of Responsibility, his Total Offense Level was calculated at 25. ¶ 29.

Mr. Degroat has one prior felony conviction and one prior misdemeanor conviction. His Criminal History Category is calculated as II; thus, the Guideline imprisonment range is between 63 months and 78 months. ¶ 53.

The Plea Agreement [DN 26] provides that the United States will recommend at the time of sentencing a sentence of imprisonment for Mr. Degroat at the lowest end of the applicable Guideline range [DN 26; Page ID# 64].

Finally, the Presentence Report states that the Defendant is subject to a term of supervised release of four to five years. ¶ 57.

<u>PERSONAL AND FAMILY HISTORY</u>

As indicated in the PSR, Mr. Degroat is 34 years old and grew up in a "rough" neighborhood in Detroit, Michigan. His parents never married but Mr. Degroat reports that both of his parents helped raise him. It appears that the Defendant's father did have to serve two years in prison during Mr. Degroat's childhood.

Although Mr. Degroat has never married and has no children of his own, he has a long-term relationship with a woman here in Louisville. Mr. Degroat has assisted her in raising her two teen-aged sons during this relationship, which he expects to continue throughout the term of his imprisonment in this case.

As indicated in Paragraph 46 of the Report, Mr. Degroat has suffered and continues to suffer from a myriad of physical ailments, most of which existed before his current period of pretrial detention. According to his mother, Mr. Degroat had significant periods of hospitalizations as a child.

As the PSR shows, Mr. Degroat has experienced and continues to experience feelings of depression and anxiety. Mr. Degroat is hopeful that the Bureau of Prisons facility that houses him can address these psychological issues. Additionally, the Defendant has acknowledged abusing certain prescription medications. Mr. Degroat expressed his desire to enter into a substance abuse program wherever he winds up serving the sentence in this case.

Mr. Degroat has expressed a desire for vocational training, if available, so that he can support himself and his relatives as well as his fiancée and her children upon his release from imprisonment.

CONCLUSION

Therefore, after considering and balancing the § 3553(a) factors, it is submitted that a sentence of imprisonment at the lowest end of the applicable Guideline range of imprisonment, as provided in the Plea Agreement, would constitute a reasonable sentence in Mr. Degroat's case.

WHEREFORE, the Defendant requests this Court to impose a reasonable sentence in the Defendant's case, which is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

Respectfully submitted,


/s/LARRY D. SIMON
LARRY D. SIMON
Attorney for Defendant, DEONTA DEGROAT
American Life Building
471 West Main Street – Suite 200
Louisville, Kentucky 40202
(502) 589-4566
larrysimonlawoffice@gmail.com


**CERTIFICATE OF SERVICE**

It is hereby certified that this pleading was electronically filed through the ECF system on this the 4th day of April, 2023. Counsel of record will receive a copy of this Sentencing Memorandum electronically.


s/LARRY D. SIMON
LARRY D. SIMON